*Christina Zenkner v. The Lincoln National Life Ins. Co.*
United State District Court for the Northern District of Texas

Notice of Removal
**Exhibit C – Plaintiff's Original Petition and Request for Disclosure**

FILED
TARRANT COUNTY
5/31/2017 1:44:08 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. __153-292393-17__

| | | |
|---|---|---|
| **CHRISTINA ZENKNER** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| vs. | § | OF TARRANT COUNTY, TEXAS |
| **LINCOLN NATIONAL LIFE INSURANCE COMPANY** | § | |
| *Defendant* | § | ____ª JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### WITH JURY DEMAND AND REQUEST FOR DISCLSOURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHRISTINA ZENKNER, Plaintiff herein, and files this Original Petition With Jury Demand and Request for Disclosure against LINCOLN NATIONAL LIFE INSURANCE COMPANY, and in support thereof would show the following:

1.

Pursuant to T.R.C.P. 190.1, Plaintiff asserts that this case is to be governed by a Level 3 discovery plan.

2.

Venue is appropriate in this County pursuant to §15.032 of the Texas Civil Practice and Remedies Code.

3.

Plaintiff Christina Zenkner is a resident of Fort Worth, Tarrant County, Texas.

Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter referred to as "Lincoln") is an insurance corporation duly and legally formed under the laws of Indiana, which does business in the State of Texas, and may be served with citation by serving

its registered agent for service, Corporation Service Company, 211 East 7th Street, #620, Austin, Texas 78701, pursuant to V.T.C.A., Insurance Code §804.101 et.seq., or by sending a copy of the petition by registered or certified mail, return receipt requested, <u>WITH DELIVERY RESTRICTED TO THE ADDRESSEE ONLY</u>, pursuant to T.R.C.P. 106(a)(2).

4.

All conditions precedent to any recovery herein have been performed or have occurred.

5.

It has become necessary to bring this suit due to the failure of Lincoln to honor its insurance agreement with Plaintiff. The policy is identified as policy no. 000010106269000000. It is a long term disability policy covering City of Watauga employees. Plaintiff properly presented her claim under the policy. Lincoln paid benefits under the plan until October 28, 2014. On that date, without legal justification, Lincoln denied the claim and in doing so, breached its contract with Plaintiff and violated certain provisions of the Texas Insurance Code.

6.

Plaintiff worked as a Detective with the City of Watauga Police Department. Plaintiff was injured on the job in February, 2011 when she slipped on ice and fell, landing with her back across a curb. Prior to this injury, Plaintiff suffered from cervical spondylosis and lumbar disc disease, for which she underwent surgery in 2006. The trauma of her 2011 fall exacerbated these conditions and she underwent corrective surgeries in 2011 and again in 2012. The latter surgery, intended to remove scar tissue and hardware from prior surgeries and to correct a failed fusion at C4-T1, did not resolve the problem. The 2012 fusion at C4-T1 subsequently failed, leaving broken hardware that remains in place. In October, 2016, Ms. Zenkner underwent

surgery for repairs to her surgical spine, including hardware removal at C6 through T1, revision of anterior cervical discectomy and fusion with instrumentation at C6 through T1, and ACDIF with instrumentation at C3 through C4. March, 2017 scans indicated multilevel degenerative changes and disc disease of the lumbar spine, borderline central canal stenosis at L3-4 and L4-5, multiple levels of neural foraminal narrowing, and a complex annular fissuring associated with disc bulging. In April, 2017, Ms. Zenkner underwent an anterior lumbar interbody fusion at L5-S1 with posterior lumbar decompression, posterolatreal fusion, and pedicle screw instrumentation at L5-S1.

Apart from her spinal conditions, Plaintiff underwent carpal tunnel surgery in December, 2015. She also suffers from asthma, sleep apnea, fibromyalgia, dysphagia, vocal cord paralysis, and a partially collapsed left lung. Plaintiff filed a long term disability claim in 2012, identified as Claim No. 1120134180. Lincoln initially approved Plaintiff's disability benefits, but subsequently denied them effective October 28, 2014.

7.

Lincoln entered into an insurance contract with Plaintiff providing long term disability payments to Plaintiff. Plaintiff became disabled on or about June 5, 2012 and continues to be totally disabled. Lincoln paid benefits until October 28, 2014. Plaintiff, however, is entitled to benefits throughout her disability. Lincoln breached its insurance contract with Plaintiff and committed violations of the Texas Insurance Code requiring Plaintiff to file this action.

8.

The facts stated above give rise to the following causes of action:

A. Breach of Contract

The conduct described above constitutes a breach of the insurance contract. This Plaintiff has incurred a loss covered under the contract. Plaintiff properly submitted a claim under the contract and Defendant, without legal justification, denied the claim. Plaintiff seeks to recover damages, attorney fees, court costs, and expenses. §38.001, et. Seq, Texas Civil Practice and Remedies Code. Lincoln promised to pay Plaintiff $2,265.47 per month while she was disabled to age 65. Contractual damages alone exceed $600,000.00.

B. Violation of the Texas Insurance Code

In addition to breaching its contract of insurance, Lincoln violated certain provisions of the Texas Insurance Code. Defendant engaged in unfair, deceptive acts, and made material misrepresentations to Plaintiff about the terms of the contract and of the benefits payable under the contract. As a result of Defendant's conduct, Plaintiff was compelled to hire an attorney and institute this law suit.

1. Section 541.060 (a)(2)(A) - Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability was reasonably clear.

2. Section 541.060 (a)(7) - Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim.

3. Section 542.003 (b)(3) - Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

   4. Section 542.003 (b)(4) - Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

   5. Section 542.003 (b)(5) - Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

C. Damages Under the Texas Insurance Code

   The above violations alleged under Section 541 are defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages plus treble damages, plus attorney's fees, and interest. Tex. Ins. Code §541.152. The above violations alleged under Section 542 are defined to be an unfair claim settlement practice. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages, plus attorney's fees, and interest at a rate of 18%. Tex. Ins. Code §542.060.

D. Declaratory Judgment

   The contract provides benefits to Plaintiff to age 65 so long as Plaintiff continues to be disabled. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The conduct of Defendant as described above, creates uncertainty, and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power afforded under §37.001 et. seq. of the

5

Texas Civil Practice and Remedies Code, and declare the specific rights and status of the parties herein. Specifically, plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy and is entitled to benefits under the policy.

### JURY DEMAND

Plaintiff hereby makes application and demand for jury trial of this cause.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of the service of this Request, the information or material described in Rules 194.2(a)-(l).

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, Plaintiff have judgment against Defendant for her damages, plus pre-judgment and post-judgment legal interest, for costs of suit, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

BEMIS, ROACH & REED
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)

By: _____
GREG REED
State Bar No. 16677750
greg@brrlaw.com

6